

**SIGNED this 25th day of January, 2007.**

```
                                    _____
                                         FRANK R. MONROE
                                    UNITED STATES BANKRUPTCY JUDGE
```
_____


UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | X | |
| | X | CASE NO. 05-12172FM |
| WILFRED RAOUL AGUILAR | X | |
| SUSAN ANITA ALLEN | X | |
| | X | |
| Debtors | X | |
| | X | |
| WILFRED RAOUL AGUILAR | X | |
| SUSAN ANITA ALLEN | X | |
| Plaintiffs | X | |
| v. | X | ADVERSARY NO. 06-1252 |
| DANIEL DAIGGER | X | |
| | X | |
| Defendant | X | |

MEMORANDUM OPINION ON
MOTION FOR APPOINTMENT OF COUNSEL

Came on for consideration Daniel Daigger's Motion for Appointment of Counsel in the above-referenced adversary proceeding. Mr. Daigger is an alleged creditor of the Debtors. Debtors failed to schedule the claim of Mr. Daigger as they allege they were not aware of this claim until they

received a citation from Mr. Daigger one year after the entry of their bankruptcy discharge. They claim this was an inadvertent failure and not intentional. This is a no asset case. Plaintiffs have sued Mr. Daigger requesting that the Court allow them to schedule Mr. Daigger as a creditor and to enter a judgment determining any debt owed to him is discharged. Mr. Daigger has requested appointment of counsel to represent him in this adversary proceeding because he is incarcerated in prison, is unable to procure counsel or to effectively handle court proceedings and filings.

The district courts have authority to appoint counsel to represent indigents under 28 U.S.C. §1915(e)(1). The statute provides, in pertinent part, that after the indigent files an affidavit stating his or her inability to pay for counsel "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1) (West 2006)(emphasis added)(*formerly 28 U.S.C. §1915(d)*). This statute gives courts the authority to appoint counsel, but generally they are not required to do so.

As a general rule, there is no right to counsel in a bankruptcy case. *Due Process and Bankruptcy: A Contradiction in Terms,* 10 Bank. Dev. J. 47, 85-86 (1993/1994) The court has consistently upheld the view that denying appointment of counsel in bankruptcy cases is appropriate and rests with the discretion of the court. *In re Martin-Trigona,* 737 F.2d 1254, 1260 (2nd. Cir. 1984), *cert. denied* 474 U.S. 1061; *In re Fitzgerald*, 167 B.R. 689, 691 (Bankr. N.D.Ga. 1994). Although these cases involved a debtor's request for appointment of counsel, such would need to be the rule with a creditor's request as well. Even if §1915(e) applies in bankruptcy court, the section does not authorize expenditure of federal funds to appoint counsel. *Dep't Banking & Finance, State of Nebraska v. Copple,* 84 B.R. 163, 164 (Bankr. D.Neb. 1988). And, there is a presumption that the right to appointed counsel "exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Services,* 452 U.S. 18, 25 (1981) or

assistance of counsel is warranted by exceptional circumstances. *Fowler v. Jones,* 899 F.2d 1088, 1096 (11th Cir. 1990). This is not the case in this adversary proceeding. Mr. Daigger has failed to provide the requisite affidavit required by the statute. In addition, the issues addressed by this adversary are not factually or legally so complex as to warrant the assistance of counsel.

The motion for appointment of counsel must be denied.

###